UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESMAIL GHANE,<br><br>        Petitioner<br><br>    v.<br><br>CALIFORNIA STATE ATTORNEY GENERAL,<br><br>        Respondent. | Case No. SACV 16-00870-PA (GJS)<br><br><br>**ORDER TO SHOW CAUSE RE: DISMISSAL FOR LACK OF JURISDICTION** |

On May 11, 2016, Petitioner Esmail Ghane filed a habeas petition pursuant to 28 U.S.C. § 2254 ("Petition"). The Petition seeks Section 2254 habeas relief with respect to a conviction Ghane sustained in 2001, in Orange County Superior Court Case No. 00SF0418 (the "Conviction").

The Court has reviewed the Petition and its attachments carefully and, further, has taken judicial notice, pursuant to Federal Rule of Evidence 201, of the dockets for California courts available through the Internet. Based upon this information and Ghane's allegations, it appears that he sustained the Conviction in 2001, pursuant to a guilty plea, and received probation in lieu of incarceration. A subsequent probation search revealed a possible crime, and a probation revocation hearing occurred on May 3, 2004. The trial court found that Ghane had violated his

probation and sentenced him, pursuant to the original Conviction, to four years in state prison.  *See People v. Ghane*, 2005 WL 3114163 (Cat. Ct. App. Nov. 22, 2005); Petition at 2.

Ghane appealed the four-year sentence he received, but he did not prevail.  He also made various efforts in the state courts to withdraw the 2001 plea that lead to the Conviction.  In 2005, he filed a habeas petition and a motion in the trial court, which were denied, and his related filings in the California Court of Appeal (Case Nos. G035593 and GO35596) were not successful.

Over seven and a half years passed.  In late 2013, Ghane filed a second motion in the trial court to withdraw his plea, which was denied on January 3, 2014.  He appealed and counsel was appointed (Case Nos. G049749 and G049752), and the California Court of Appeal affirmed in March 2015, in a written but unpublished decision.

While the above appeal was pending, appointed counsel filed a petition for coram vobis in the California Court of Appeal (Case No. G050977).  The California Court of Appeal denied the petition summarily, and Ghane filed a petition for review, arguing that he had demonstrated a prima facie entitlement to relief and that the state appellate court erred under state law, and violated due process, by failing to issue an order to show cause (Case No. S223233).  On February 18, 2015, the California Supreme Court denied the petition for review.  Almost 15 months later, Ghane filed the instant Petition.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") requires summary dismissal of Section 2254 petitions "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ."  Rule 4, 28 U.S.C. foll. § 2254.  Here, it appears from the face of the Petition that Ghane is not "in custody" pursuant to the

1   Conviction he now seeks to challenge, and thus, the Court lacks jurisdiction over

2   this case.[1]

3        When, as here, a habeas petition challenges a state court conviction, a federal

4   court has jurisdiction to consider federal habeas relief only if the petitioner is "in

5   custody pursuant to the" conviction challenged by the petition.  28 U.S.C. § 2254(a);

6   *see also* 28 U.S.C. § 2241(a) & (c)(3).  The Supreme Court has made clear that, for

7   federal jurisdiction to exist over a Section 2254 petition, the petitioner must be "in

8   custody" "under the conviction or sentence under attack at the time his petition is

9   filed."  *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (*per curiam*); *see also Bailey*

10  *v, Hill*, 599 F.3d 976, 978-79 (9th Cir. 2010) (same, and further observing that

11  "Section 2254(a)'s 'in custody' requirement is jurisdictional and therefore 'it is the

12  first question we must consider'" (citation omitted)).

13       It is equally well-established that, if the petitioner's sentence has expired by the

14  time the federal habeas petition is filed, he is not "in custody" pursuant to the

15  underlying conviction and jurisdiction is lacking.  *Maleng*, 490 U.S. at 492;

16  *Feldman v. Perrill*, 902 F.2d 1445, 1448 (9th Cir. 1990).  "[O]nce the sentence for a

17  conviction has completely expired, the collateral consequences of the conviction are

18  not in themselves sufficient to render an individual 'in custody' for the purpose of a

19  habeas attack upon it."  *Maleng*, 490 U.S. at 492.  That said, a petitioner may be

20  deemed to be "in custody," even though he has been released from physical

21  imprisonment, if he remains subject to requirements that significantly restrain and

22

23  _____

24

25  [1]     It also appears that the Petition is substantially untimely, given that the
    Conviction would have been "final," for purposes of 28 U.S.C. § 2244(d)(1), in mid-
26  2006 or possibly in late March 2007, depending on the statutory tolling Ghane might
    receive under Section 2244(d)(2).  Of course, given Ghane's allegations regarding
27  his competency issues during his state proceedings, he might be entitled to equitable
    tolling to some degree.  Given that jurisdiction appears to be non-existent, the Court
28  need not, and does not, undertake to resolve the timeliness issue at this time.

3

1    confine his freedom, such as having been released on parole, his own recognizance,

2    or bail.  *See, e.g., Wilson v. Belleque*, 554 F.3d 816, 822 (9th Cir. 2009).

3         Ghane received a four-year sentence for the Conviction in May 2004.  Assuming,

4    *arguendo*, that he served his time in full (*i.e.*, that he received no good time credits

5    or that no other event occurred that would decrease his time actually spent in

6    prison), his sentence would have expired in May 2008 at the latest.  Ghane does not

7    allege that he was placed on parole upon the expiration of his sentence, but even if

8    he was, given the nature of the underlying offenses, the maximum parole period he

9    would have received was three years.  *See* California Penal Code § 3000(b)(1);

10   *People v. Nuckles*, 56 Cal. 4th 601, 608 (2013).  In short, there appears to be no

11   possibility that Ghane remained "in custody" pursuant to the Conviction any later

12   than mid-2011, and in all likelihood, he no longer was "in custody" substantially

13   before then.  As a result, there is no federal subject-matter jurisdiction over the

14   Petition – a fundamental defect that mandates summary dismissal.[2]

15        Accordingly, IT IS THEREFORE ORDERED that, on or before **June 13, 2016**,

16   Ghane shall show cause in writing – if any cause exists – why this action should not

17   be summarily dismissed for lack of subject-matter jurisdiction.

18

19        **IT IS SO ORDERED.**

20

21   DATED: May 19, 2016                    _____

22                                          GAIL J. STANDISH
                                            UNITED STATES MAGISTRATE JUDGE

23

24   _____

25   [2]      The Court cannot liberally construe the Petition to seek a writ of coram nobis,

26   as Petitioner sought in the state courts and may seek here (*see* Petition at ECF p. 10),
     because federal courts may issue such a writ only with respect to *federal* convictions

27   and sentences.  *See, e.g., Yasui v. United States*, 772 F.2d 1496, 1498 (9th Cir.

28   1985); *Hensley v. Municipal Court*, 453 F.2d 1252, 1252 n.2 (9th Cir. 1972), rev'd
     on another ground by 411 U.S. 345 (1973).

4